56

THE STATE, EX REL. MAHONING LAW LIBRARY ASSOCIATION, v. BOARD OF COMMISSIONERS OF MAHONING COUNTY.

[Cite as State, ex rel. Mahoning Law Library Assn., v. Bd. of Commrs. (1978), 53 Ohio St. 2d 56.]

(No. 38867—Decided February 1, 1978.)

*Messrs. Pfau, Comstock & Springer* and *Mr. David C. Comstock,* for relator.

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for respondent.

*Per Curiam.* In 1964, relator, Mahoning Law Library Association, filed a petition for a writ of mandamus in this court to require respondent, Board of Commissioners of Mahoning County, to provide more space for the law library. Acting upon that petition, this court, on November 10, 1965, ordered respondent to "* * * provide the Mahoning Law Library with either (1) 1500 square feet of floor space adjacent to its present quarters, or (2) 3700 square feet of floor space in some other suitable location in the Mahoning County Courthouse."

On April 21, 1977, relator filed a motion in this court alleging that respondent "without just cause, has refused to perform the act and duty commanded by this Court * * *" in the above-quoted order, and requesting that an order issue directing respondent to show cause why it should not be punished as for a contempt and that a penalty be assessed pursuant to R. C. 2731.13.

In its response to relator's motion to show cause, re-

spondent "* * * admitted that it had not performed the order heretofore issued by this Court on the 10th day of November, 1965," and stated that it "* * * wishes to inform the Court that this [failure to comply] was not wilful nor contemptuous but was occasioned by numerous intervening circumstances entirely beyond the control" of respondent. Respondent specified as such circumstances the reluctance of the Juvenile Division of the Court of Common Pleas of Mahoning County and the Court of Appeals to vacate portions of areas assigned to them, the creation of a new common pleas judgeship and bureau of support, the establishment of a data processing center, and the structural insufficiency of portions of the courthouse to bear the weight of books.

R. C. 2705.02 provides in part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court * * *."

The members of the respondent board of commissioners admitted in their response to the motion to show cause that they have failed to comply with the court's order entered in 1965. Such admitted failure constitutes the disobedience of a lawful court order and, thus, under R. C. 2705.02 is punishable as for a contempt.

It is the opinion of this court that the reasons advanced by the respondent for the failure to comply with the lawful order of this court are not sufficient to excuse the disobedience of this court's order.

R. C. 2731.13 provides:

"When a peremptory mandamus has been directed to a public officer, body, or board commanding the performance of a public duty specially enjoined by law, and the court finds that such officer, or a member of such body or board, without just excuse, refused or neglected to perform the duty so enjoined, such court may impose a fine not exceeding five hundred dollars upon such officer or member.

Such fine shall be paid into the county treasury of the county in which the duty should have been performed, and its payment is a bar to an action for any forfeiture or fine incurred by such officer or member by reason of such refusal or neglect."

It is the conclusion of this court that the failure of the members of respondent board to comply with the 1965 order of the court constitutes contempt of this court.

It is concluded further that the refusal to perform the duty enjoined by this court's order is "without just excuse."

Pursuant to the provisions of R. C. 2731.13, each member of the respondent board is fined $500.*

The members of the respondent board may purge themselves of the foregoing contempt finding and fines by complying with the 1965 order of this court within 90 days of the date of the instant decision.

*Order accordingly.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

*By using the contempt statutes cited herein, we do not intimate that they are sources of this court's power to punish those in contempt of its orders.