AKRON LAW LIBRARY ASSOCIATION *v.* MORGAN, CTY. EXEC., ET AL.

(No. 10331—Decided December 7, 1983.)

Mr. *Allan B. Diefenbach* and Mr. *Robert K. Lewis, Jr.,* for relator.

Ms. *Jane E. Bond,* for respondent Morgan.

Mr. *Lynn C. Slaby,* prosecuting attorney, and Mr. *Timothy Hartman,* for respondent Summit County Council.

GEORGE, J. The Akron Law Library Association ("A.L.L.A.") has brought this action against John R. Morgan, county executive, and the Summit County Council (hereinafter jointly referred to as "county"). A.L.L.A. seeks to compel the county to provide suitable rooms for the law library pursuant to R.C. 3375.49. The essential facts are not in dispute. The law library is currently located on the fourth floor of the Summit County Courthouse occupying 6,600 square feet and consisting of approximately 68,000 volumes of various materials.

In 1980 two structural analyses were conducted. One revealed that the steel beams supporting the fourth floor were capable of supporting a floor load of fifty pounds per square foot. The other found that the allowable floor load should be set at thirty pounds per square foot. Actual floor load use ranged from sixty-nine to one hundred sixteen pounds per square foot according to one report and from five to eighty pounds per square foot according to the other. Both reports indicated that the recommended code floor load was one hundred fifty pounds per square foot and that the fourth floor was inadequate to meet that standard. Each report concluded that the law library should be relocated.

In response to these reports, A.L.L.A. removed portions of the library collection and rearranged the shelves so as to reduce the amount of floor beam stress. A.L.L.A. submitted two proposals for alternate space; one for relocation to the basement of the Summit County Courthouse and the other for the lease of the first floor of a commercial building. The county explored the feasibility of consolidating A.L.L.A. with the University of Akron Law Library. None of these proposals are currently being considered.

In May 1982, the county contracted with the architectural firm of Curtis & Rasmussen to determine the cost of renovating the courthouse, including the law library. Rasmussen determined that the cost of the project would be $7.2 million with $4.9 million allocated to renovation of the fourth floor. Renovation is currently contemplated to begin in 1984 and completion is anticipated for 1987.

A.L.L.A. has addressed three issues in seeking this writ of mandamus:

"1. Has the County Council and Executive of Summit County, Ohio, met their statutory duty to provide 'adequate and suitable space,' to the Akron Law Library Association, either square footage for said Law Library or adequate load bearing capacity of the floor of said Law Library.

"2. If the aforesaid statutory duty has not been met, either as to square footage or load bearing capacity of the floor or both, does the County have an adequate defense that there are not sufficient capital funds for structural renovation for Summit County Courthouse in its entirety.

"3. If the aforesaid statutory duty has not been met, either as to square footage or load bearing capacity, can a Writ of Mandamus [be] issued to compel the county to provide space other than within the confines of the Summit County Courthouse and on terms other than purchase of said space."

Before a writ of mandamus can be

issued, A.L.L.A. must clearly demonstrate the propriety of granting such an extraordinary remedy. The Supreme Court, in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141], paragraph one of the syllabus, stated:

"Where a public officer or agency is under a clear legal duty to perform an official act, and where there is no plain and adequate remedy in the ordinary course of the law, an action in mandamus will lie * * *."

R.C. 3375.49 provides, in pertinent part, that:

"For the use of the law library * * * the board of county commissioners shall provide, at the expense of the county, *suitable rooms* with sufficient and suitable bookcases in the county courthouse or, if there are no suitable rooms in the courthouse, any other *suitable rooms* at the county seat * * *." (Emphasis added.)

A.L.L.A. claims that this section creates a clear legal duty upon the county to provide *suitable rooms*. This court agrees.

The county admits that the space currently occupied by A.L.L.A. is not suitable and is insufficient for the present law library use and its future needs. Thus, A.L.L.A. is unable to perform its statutory duty as a law library for Summit County. R.C. 3375.48 *et seq.*

The parties have stipulated that library standards require one hundred fifty pounds per square foot of load bearing capacity. Since the current facilities provide for a load bearing capacity of fifty pounds per square foot or less, the county has failed to provide suitable rooms for the law library as required by R.C. 3375.49. See, also, *State, ex rel. Mahoning Law Library Assn.,* v. *Bd. of Commrs.* (1978), 53 Ohio St. 2d 56 [7 O.O.3d 132].

The county's sole argument is premised on its inability to immediately comply with R.C. 3375.49 based upon a lack of funds for the courthouse renovation. The county claims that the rooms occupied by A.L.L.A. cannot be immediately made suitable because of the expense of the entire renovation program as well as the intended schedule of work. Therefore, the county reasons that compliance with R.C. 3375.49 is immediately impossible. This court cannot agree.

The courthouse is the primary location designated by statute for providing suitable space for the law library. However, alternative locations are permissible. A.L.L.A. has presented the county with two alternative locations which would meet their needs.

The county was made aware of the unsuitability of the current space when it received the results of the structural analyses in 1980. The planned renovation process is estimated to take anywhere from three to four years. The county has failed to provide suitable rooms for the law library for the past three years and it cannot continue to abstain from meeting this statutory duty.

If there is no courthouse space which will adequately meet the needs of the law library, then the decision as to where to relocate is for the county. Such relocation is limited only to the extent that the suitable rooms must be within the county seat. R.C. 3375.49. The county has other choices regarding its providing suitable rooms. For instance, the county may decide whether such suitable rooms will be temporary or permanent, rented or purchased, or within a public or commercial building.

A.L.L.A. has demonstrated that there is a clear legal right to have the county provide suitable rooms for the law library and that the county has failed to do so. R.C. 3375.49. Further, since it is exclusively the duty of the county to provide these suitable rooms, A.L.L.A. has no plain and adequate remedy in the ordinary course of the law.

In view of the stipulations, affidavits and exhibits presented, suitable rooms for the law library are rooms which have a

load bearing capacity of one hundred fifty pounds per square foot.

Accordingly, this court finds that the petition for a writ of mandamus is well-taken. A.L.L.A. is granted a writ against the respondents John R. Morgan, county executive, and Summit County Council, requiring them to provide suitable rooms for the law library as required by R.C. 3375.49. However, taking into account the immediate past and current financial distress of the county, the county's need to address other mandates and the magnitude of this project, a stringent order of mandate would not be appropriate. Therefore, the respondents shall prepare and file with this court within one hundred twenty days an action plan, which plan shall include where, when and how suitable rooms are to be provided for the law libarary.

*Judgment accordingly.*

QUILLIN, P.J., and MAHONEY, J., concur.