THE STATE, EX REL. DELCO MORAINE DIVISION, GENERAL MOTORS CORP., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Delco Moraine Div., General Motors Corp., *v.* Indus. Comm. (1990), 48 Ohio St. 3d 43.]

(No. 88-1213—Submitted October 17, 1989—Decided January 10, 1990.)

44

*Cowden, Pfarrer, Crew & Becker* and *Robert J. Davidek,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Renny J. Tyson,* for appellee Flowers.

*Per Curiam.* R.C. 2731.13 and 2731.16 permit a contempt citation to issue against a public board that fails to obey a peremptory writ of mandamus. Appellant challenges the appellate court's refusal to find the commission in contempt, alleging commission noncompliance with that court's limited writ. Absent an abuse of discretion, however, we will not reverse the decision of an appellate court in a contempt proceeding. *State, ex rel. Ventrone,* v. *Birkel* (1981), 65 Ohio St. 2d 10, 19 O.O. 3d 191, 417 N.E. 2d 1249. See, also, *Cady* v. *Cleveland Worsted Mills Co.* (1933), 126 Ohio St. 171, 184 N.E. 511. For the reasons to follow, we affirm the judgment below.

For a contempt citation to issue, there must be "disobedience of an order of a court." *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55, 56 O.O. 2d 31, 271 N.E. 2d 815, paragraph one of the syllabus. In addi-

tion, disobedience must be "without just excuse." R.C. 2731.13; *State, ex rel. Mahoning Law Library Assn.,* v. *Bd. of Commrs.* (1978), 53 Ohio St. 2d 56, 7 O.O. 3d 132, 372 N.E. 2d 349. Because we find that the commission complied with the appellate court's order, we find it unnecessary to address this latter element.

The appellate court instructed the commission to issue an amended order that satisfied our directive in *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1984), 6 Ohio St. 3d 481, 6 OBR 531, 453 N.E. 2d 721. Pursuant to the appellate court's instruction, the commission ultimately issued a supplemental order on April 12, 1988. Appellant essentially contends that this order does not contain "some evidence" supporting an award of temporary total compensation and thus does not comply with the appellate court's order.

*Mitchell,* however, only requires that commission orders "specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested." *Id.* at 483-484, 6 OBR at 534, 453 N.E. 2d at 724. We find that the commission's supplemental order satisfied this requirement. Whether the cited evidence also constituted "some evidence" is irrelevant to the question presently at bar. We thus find no appellate abuse of discretion in denying appellant's motion to show cause.

Accordingly, the appellate court's judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.