Plaintiff-appellant, Margaret Flauto, appeals a decision by the Mahoning County Court of Common Pleas, Domestic Relations Division, modifying the spousal support obligation of defendant-appellee, Arthur Flauto, and finding that neither party was in contempt of court. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
This appeal arises as a result of various post-divorce motions. Following the termination of the parties' marriage in April of 1995, the trial court journalized its decision by way of a judgment entry dated April 13, 1995. Subsequent to this time, both parties filed motions to show cause in contempt proceedings and appellee filed a motion to modify his spousal support obligation.
Appellee was originally ordered to pay spousal support to appellant in the amount of $3,000 per month plus medical insurance premiums, the coverage of which was to be comparable to appellant's prior coverage under appellee's family insurance plan. The court reserved jurisdiction to modify spousal support in its original judgment entry.
In support of his motion for modification, appellee testified before the magistrate that his accounting practice lost one of its biggest clients, resulting in a $60,000 revenue loss to his firm. In order to reduce his losses, appellee laid off an accountant. The end result was that appellee's personal income decreased by at least $30,000 compared to the two prior years upon which the original spousal support award was based. The trial court granted appellee's modification motion by way of its December 27, 1996 decision, decreasing spousal support payments from $3,000 per month to $2,500 per month.
In regards to appellant's first allegation of contempt, she asserts that appellee pays only $178.35 per month towards medical insurance which in reality costs appellant $410.63 per month. However, when appellee attempted to obtain medical insurance coverage for appellant with monthly premiums of $178.35 and a $1,000 deductible, appellant refused such insurance because the deductible she had under appellant's former family plan was only $300. Appellant instead purchased insurance for herself for $410.63 per month. The court found that appellee was not in contempt in that he had substantially complied with the court's prior order. Therefore, appellant was ordered to continue paying the $178.35 per month plus any part of the deductible in excess of $300 per year.
Appellant's next accusation of contempt was that appellee allegedly failed to abide by previous court rulings ordering him to pay fifty percent of appellant's medical bills incurred prior to November 1, 1993 and the amount of her medical bills in excess of $25.00 per month incurred from November 1, 1993 through January 5, 1995. The court dismissed appellant's contention because appellant presented no evidence of unpaid medical bills that were not covered by insurance.
The aforementioned decisions set forth in the trial court's judgment entry represent an adoption of the magistrate's decisions after an independent analysis of the facts by the trial court. Appellant filed a timely appeal and has raised three assignments of error.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT'S DETERMINATION TO REDUCE PLAINTIFF'S SPOUSAL SUPPORT BY $500.00 BASED UPON THE DEFENDANT/APPELLEE'S REDUCTION OF BUSINESS GROSS RECEIPTS RATHER THAN PERSONAL NET INCOME CONSTITUTES AN ABUSE OF DISCRETION."
In appellant's first assignment of error, it is argued that the trial court erred when it chose to reduce appellee's monthly spousal support obligation by $500. Appellant argues that appellee produced no evidence that the loss to appellee's business resulted in any personal loss of income. Absent substantiation for a reduction in personal income, appellant contends that no reduction should have been permitted as she continued to exhibit a need for the amount initially granted. Appellant also alleges that the increase of the partnership interest of appellee's partner from twenty percent to twenty-five percent was a voluntary reduction of income. It is therefore argued that any such reduction should not be considered in appellee's spousal support obligation.
 A. APPLICABLE LAW
In reviewing a trial court's decision in domestic relations matters, an appellate court must uphold the decision absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion constitutes "more than an error of law or judgment; it implies that the trial courts attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Consequently, an appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 131. The appellate court should not independently review the weight of the evidence in the majority of cases but rather should be guided by the presumption that the trial court's findings are correct. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74.
Before a court may modify an award of spousal support, it must find that the circumstances relating to one of the parties have changed and the court has reserved jurisdiction to address such matters. R.C. 3105.18(E). Changed circumstances include an involuntary decrease in a party's income. R.C. 3105.18(F). Many courts require a substantial change which was not contemplated at the time of the original order. Adams v. Adams (Aug. 6, 1997), Jefferson App. No. 96-JE-12, unreported, at *2, citing Leighnerv. Leighner (1986), 33 Ohio App.3d 214, 215. The movant has the burden of establishing that a substantial change in circumstances has occurred since the time of the trial court's original decision. Id.
 B. ANALYSIS
Despite appellant's contention that the trial court was without support for its decision to reduce appellee's spousal support obligation, a review of the record reveals that such support does in fact exist. During the course of the hearings on the parties' motions, the magistrate reviewed summary reports of the partnership business which reflected a decrease in partnership income as a result of the loss of a major client. Moreover, appellee testified that his adjusted gross income was equivalent to his share of the partnerships net income as reported on the partnership's K-1 form. In that he maintained a 75% interest in the partnership, appellee suffered the brunt of the loss which occurred as a result of the firm losing a major account. Appellee opined during the hearing that his portion of the loss would equate to between $43,000 and $48,000.
Since, the loss of this client was beyond appellee's control, the reduction in income must be viewed as involuntary in nature. In fact, appellant concedes in her brief that the loss of the client was not due to any fault on appellee's behalf.
Similarly, the record supports the finding by the trial court that appellee's decision to increase his partner's share in the partnership from 20% to 25% was beyond his control. Appellee testified that as a result of losing the account, he was forced to lay-off a certified public accountant. As a result, both appellee and his partner were forced to increase their workload. In that appellee's partner was now performing more tasks for the same pay, she demanded an increase in her share of the partnership. If this was not granted, the partner indicated she would be forced to leave the firm. The loss of a partner during this tumultuous period could have been quite damaging to the firm's business so appellee testified he had no choice but to increase the partners share.
Given the totality of the circumstances as evidenced by the record along with the findings of fact and recommendations of the magistrate which were adopted by the trial court upon independent analysis, it cannot be held that the trial judge abused her discretion in modifying appellee's spousal support obligation as a result of his involuntarily decreased income. The record supports the trial court's finding that appellee sustained a significant, involuntary reduction in income which qualified as a substantial change in circumstances. Furthermore, no evidence is of record which would indicate the loss of a major account could have been foreseen at the time of the trial court's original grant of spousal support. In that this court is not permitted to substitute its judgment absent an abuse of discretion, the decision of the trial court must be affirmed as related to appellant's first assignment of error.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN MODIFYING THE SPOUSAL SUPPORT OBLIGATION WITHOUT INDICATING THE BASIS OF ITS AWARD IN SUFFICIENT DETAIL IN REFERENCE TO THE APPLICABLE FACTORS OF O.R.C. SECTION 3105.18(C) TO ALLOW THIS COURT TO DETERMINE IF IT IS FAIR AND EQUITABLE."
Appellant next alleges that the trial court failed to properly identify the basis for its decision so as to permit this court to determine whether or not it was fair and equitable. Specifically, appellant argues that rather than discussing and making findings as to all of the factors enumerated in R.C. 3105.18(C), the trial court solely relied upon appellee's reduced income to conclude that a decrease in the spousal support obligation was warranted. Appellant cites to Kaechele v. Kaechele (1988), 35 Ohio St.3d 93
for the proposition that a court must consider all relevant factors rather than one single factor in isolation when modifying an existing support order.
 A. APPLICABLE LAW
As discussed under appellant's first assignment of error, the decision of a trial court in domestic relations matters must be upheld absent an abuse of discretion. Booth, supra. When addressing such issues as an award of spousal support, the trial court must set forth the basis for its decision with sufficient detail so as to permit appellate review. Graham v. Graham (1994),98 Ohio App.3d 396, 399-400.
While Kaechele, supra does stand for the proposition that a court must consider all relevant factors under R.C. 3105.18(C) when originally granting spousal support, the same does not hold true when addressing a spousal support modification. The language of Kaechele only addresses, and therefore only pertains to, the initial grant of spousal support. As explained in Kucmanic v.Kucmanic (1997), 119 Ohio App.3d 609, "there is no express requirement that the domestic relations court's order granting or denying a motion to modify spousal support reexamine in toto the factors listed in R.C. 3105.18(C)(1)." Id. at 613. A change in the circumstances of one spouse under R.C. 3105.18(F) does not affect for the most part "the otherwise static factors contained in R.C. 3105.18(C)(1)." Id.
 B. ANALYSIS
A review of the record again reveals that appellant's proposition is without merit. Despite appellant's contention that the trial court erred when it failed to address every factor under R.C. 3105.18(C)(1), such a rehashing of these factors is not necessarily helpful when addressing a motion to modify an original spousal support order. Id. A review of the factors itemized in this statutory section reveals that any review by the trial court would not be of any assistance as they would remain static after the termination of the marriage. For instance, under R.C. 3105.18(C)(1)(d) the court is instructed to consider the duration of the marriage. While this factor would be useful in calculating the original spousal support obligation, nothing would be gained by having the trial court revisit this issue when addressing a modification of spousal support. After all, this factor has not changed since the original obligation was calculated. Similarly, the standard of living of the parties during the marriage reviewed under subsection (g) during the original proceedings need not be reviewed again as it would be of no benefit.
What is required of the trial court is a clear indication of what factor or factors have changed which would warrant a modification pursuant to R.C. 3105.18(E) and (F). Graham, supra.
Under R.C. 3105.18(F), the legislature has clearly provided that an "involuntary decrease in the party's wages, salary, bonuses", etc. is sufficient grounds for granting a modification of an original spousal support obligation. As discussed under appellant's first assignment of error, the trial court properly found that appellee had sustained a substantial change in circumstances as a result of the loss of a major client. Such resulted not only in an involuntary reduction in income for appellee but also caused significant repercussions in appellee's accounting firm. A review of the record and specifically the magistrate's seven page judgment entry granting the modification reveals that sufficient information was provided regarding this change to permit a fair and adequate review on appeal. The magistrate provided ample discussion in the entry to notify this court of what was being relied upon in granting the modification and to permit this court to review the matter to assure the necessary change in circumstances actually transpired. Furthermore, it is this entry which the trial judge adopted after holding a separate hearing and independently reviewing the record.
This change in and of itself is sufficient to grant the modification. A review of the numerous factors in R.C.3105.18(C)(1) which played no role in finding a change of circumstances would only have served as unnecessary surplusage. Accordingly, appellant's second assignment of error is without merit.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT ERRED IN FAILING TO FIND THE OBLIGOR IN CONTEMPT FOR NON-COMPLIANCE WITH THE ORDER TO MAINTAIN COMPARABLE HEALTH INSURANCE COVERAGE FOR THE OBLIGEE AS PART OF HIS SPOUSAL SUPPORT OBLIGATION."
Appellant's final assignment of error alleges that the trial court erred when it failed to find appellee in contempt as related to the trial court's original judgment entry granting the parties a divorce. Appellant complains that appellee unilaterally decided what amount he should pay for appellant's medical insurance and that his efforts to obtain coverage for her were minimal. Furthermore, appellant asserts that appellee failed to pay for medical bills as instructed by the trial court in its original entry.
 A. APPLICABLE LAW
Pursuant to R.C. 2705.02(A), a court may hold an individual in contempt for failing or refusing to comply with its order.Marshall v. Marshall (1997), 117 Ohio App.3d 182, 186. In that the main concern in a contempt proceeding is the trial courts authority and proper functioning, "great reliance is placed upon the discretion of the trial judge." Lindsay v. Curtis (1996),115 Ohio App.3d 742, 745, citing Denovchek v. Trumbull Cty. Bd. ofCmmrs. (1988), 36 Ohio St.3d 14, 16. Therefore, an appellate court may not reverse a trial court's decision as related to contempt proceedings absent an abuse of discretion. State ex rel.Delco Moraine Div., Gen. Motors Corp. V. Indus. Comm. (1990),48 Ohio St.3d 43, 44.
 B. ANALYSIS
In reviewing appellant's argument in support of this assignment, it comes to this court's attention that no citations are made to the record in support of appellant's position. Appellant merely makes general allegations that appellee failed to comply with the trial court's original entry regarding health insurance coverage and medical expenses.
As related to the health insurance issue, the trial court had initially ordered appellee to pay medical insurance premiums for coverage comparable to the coverage enjoyed under the parties' prior family medical insurance coverage. The record reflects that appellee attempted to secure a policy for appellant which would require him to pay a premium totaling $178.35 per month. However, appellant refused to complete the application for coverage as the deductible was $700 more annually than it had been under the former family plan. Instead, appellant purchased coverage on her own for $410.63 per month with a lower annual deductible. In that appellant had refused the coverage provided by appellee, appellee paid the sum of $178.35 per month to the Mahoning County Child Support Enforcement Agency until the matter was resolved by the court.
In reviewing the matter, the magistrate refused to find appellant in contempt as "there was a rational basis for the conduct * * * relative to [the] respective interpretations of the said Divorce Judgment Entry." Furthermore, it was determined that appellee had made a good faith effort to comply with the prior order of the trial court. The policy which appellee attempted to provide for appellant is more comparable and more economical than the policy chosen by appellant as it will cost less to pay $178.35 monthly plus the extra $700 deductible which may or may not be incurred in a year than it would cost to pay $410.63 monthly. In light of appellee's efforts to obtain coverage, it cannot be held that the trial court abused its discretion in refusing to find appellee in contempt.
As to appellant's contention that appellee was in contempt for failing to pay certain medical expenses as ordered by the court, the record shows that no evidence was provided by appellant as to these allegations. The magistrate determined in his entry that could not be found in contempt for appellee non-compliance when there was a failure by appellant to support her allegations. Absent the presentation of documentation at the trial level concerning appellee's failure to pay medical expenses, this court is without authority to hold that the trial court abused its discretion. Therefore, appellants third assignment of error is overruled.
For the foregoing reasons, the decision of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE