OPINION
Plaintiff-appellant, Leslie Golan Karales, appeals from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding her in contempt of court for failing to abide by the court's visitation order.
This matter arose out of the divorce proceedings pending between appellant and defendant-appellee, Stephen Peter Karales. On February 18, 2000, the trial court issued a stay of the existing visitation order, suspending visitation between appellee and the minor children, Michael F. Karales (born May 25, 1992) and Catherine E. Karales (born June 23, 1993), due to allegations of sexual abuse of Catherine by appellee. Subsequently, appellee filed a motion for temporary visitation on April 11, 2000. In a magistrate's order, filed June 5, 2000, the magistrate granted appellee temporary supervised visitation with the minor children, as well as telephone access to the children. Appellant initially filed objections to the magistrate's order, as opposed to a timely motion to set aside under Civ.R. 53(C)(3)(b), and a motion for a stay. Appellee filed a motion to find appellant in contempt for violating the magistrate's order and a motion to modify the magistrate's order. However, the parties agreed to modify the magistrate's order on August 4, 2000, but the agreed magistrate's order was not filed until September 22, 2000.
Supervised visitation did not commence until August 9, 2000, but appellee was denied his scheduled visitation on August 16 and 19. Appellee again exercised visitation on August 23, 2000, but appellant would not allow any visitation or phone contact between appellee and the minor children after that date. Appellant filed a motion for an emergency order for a stay of all visitation/companionship, including telephone contact on August 25, 2000, but the trial court denied the motion. Despite the denial of the emergency order, appellant continued to deny appellee any contact with the minor children.
On September 18, 2000, appellee filed a motion for an order finding appellant in contempt for denying him contact with the minor children. Appellee filed a supplemental affidavit on September 26, 2000. Due to problems serving appellant and the unavailability of counsel, the hearing was not held until November 1, 2000. At the hearing, appellant admitted that she denied appellee visitation and telephone contact with the children in violation of the court order. However, appellant argued that her denial of visitation was justified due to the molestation allegations and the recommendation of social worker, Stephayne Harris, that all contact between appellee and the minor children cease. The trial court found appellant in contempt and sentenced her to three days in jail but provided her the opportunity to purge her contempt by complying with the existing visitation order and by allowing appellee make-up visitation. Additionally, the trial court awarded appellee $1,000 in attorney fees, $150 in court costs and $90 for the reimbursement of the visitation supervisor. The trial court filed its decision on November 17, 2000, and appellant filed a timely notice of appeal.
On appeal, appellant asserts two assignments of error:
 I. The Trial Court erred when it found that Appellant Leslie Golan Karales has no justifiable reason for failing to facilitate visitation with Appellee.
 II. The Trial Court erred when it awarded attorney's fees in the amount of $1,000.00.
In appellant's first assignment of error, she argues that the trial court erred by holding her in contempt for not abiding by the court's visitation order. We disagree.
An appellate court reviews a trial court's decision in a contempt proceeding on an abuse of discretion standard and, absent an abuse of discretion, we must affirm. State ex rel. Delco Moraine Div., General Motors Corp., v. Indus. Comm. (1990), 48 Ohio St.3d 43, 44; State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion is more than an error of law or judgment but, rather, entails an action of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court found appellant in contempt for violating the court's visitation order by denying appellee visitation and telephone contact with the minor children. Appellant admits that she violated the trial court's visitation order but argues that it was justified. Appellant asserts that she believed that it was not in the best interest of the children to have contact with appellee because of the allegations of molestation of Catherine by appellee. Additionally, Catherine's social worker advised against any contact between the children and appellee.
In support of her argument, appellant cites to case law from other Ohio appellate courts recognizing a defense to a contempt finding for violating a visitation order where a parent has a good faith belief that she or he is acting to protect the safety of the child. In Buchanan v. Buchanan (Aug. 16, 1999), Clermont App. No. CA98-10-085, unreported, the Twelfth District affirmed the trial court's refusal to find a father in contempt where the father would not allow visitation in light of allegations of physical abuse. The trial court concluded that the father had acted reasonably under the circumstances and, based upon this finding, the Twelfth District found no abuse of discretion. Id. Similarly, in Boley v. Boley (Sept. 19, 1994), Holmes App. No. CA 498, unreported, the Fifth District affirmed a decision of the trial court not to find a father in contempt where the father had a good faith belief that the children's safety was at risk if returned to their mother. The Fifth District noted that "[t]his Court will not substitute our judgment for that of the trial court and will not impose punishment for the violation of a court order when the court that made the original order finds a legitimate excuse." Id.
Here, unlike the circumstances in Buchanan or Boley, appellant attempted to obtain an emergency order terminating all contact between appellee and the minor children prior to her acting unilaterally in violation of the visitation order. The trial court refused to grant the emergency order, thereby rejecting appellant's argument that the children were in imminent danger. Thus, appellant's actions were not justifiable, unlike the parents in Buchanan or Boley, because she defied the court order after having the benefit of knowing how the court would rule. Moreover, both Buchanan and Boley stand for the proposition that, absent an abuse of discretion, an appellate court should defer to a trial court's decision on recognizing any justification or excuse for violating the trial court's order. Finally, appellant's reliance on Bernhard v. Bernhard (June 27, 1997), Greene App. No. 96-CA-106, unreported, as persuasive authority is misplaced. In Bernhard, the Second District found a lack of a final appealable order requiring dismissal, yet the court apparently issued an advisory opinion and noted in dicta that it would have reversed a contempt finding because the mother's violation of the visitation order was "praiseworthy" where the child feared visiting with the father when he is drinking. Id.
Because the trial court had the opportunity to review the situation before appellant acted unilaterally, we cannot conclude it abused its discretion in finding appellant in contempt. In doing so, we do not reject the availability of a justification defense to a contempt finding under all circumstances; however, under the circumstances presented in this appeal, appellant could not establish a justification defense. Consequently, appellant's first assignment of error is overruled.
In appellant's second assignment of error, she argues that the trial court erred by awarding appellee $1,000 in attorney fees. We disagree.
In State ex rel. Fraternal Order of Police v. Dayton (1977),49 Ohio St.2d 219, syllabus, the Supreme Court of Ohio held that "[a] trial court has discretion to include reasonable attorney fees as a part of costs taxable to a defendant found guilty of civil contempt." Additionally, under R.C. 3109.051(K), reasonable attorney fees are automatically assessed to the prevailing party in a contempt action arising from the failure to comply with a visitation order.
Although appellant argues that the award was in error because there was no evidence to serve as the basis of the award, this court has held that a trial court may award attorney fees in a contempt action arising from a domestic relations case in the absence of supporting evidence when the amount of work and time spent on the case is apparent. Wilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94APE12-1810, unreported. Here, the trial court was familiar with the case and noted that the parties had appeared before her several times. Moreover, the trial court only awarded $1,000 of the $1,500 appellee requested. Under these circumstances, we find no abuse of discretion. However, we again emphasize that it is highly preferable for a party requesting attorney fees to provide evidence to serve as a basis for such an award. Thus, appellant's second assignment of error is overruled.
Based upon the foregoing reasons, appellant's two assignments of error are overruled, and the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
 ___________________ KENNEDY, J.
LAZARUS and BROWN, JJ., concur.