**RICE, Appellant,**

v.

**RICE, Appellee.**

[Cite as *Rice v. Rice*, 177 Ohio App.3d 476, 2008-Ohio-3518.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2007–CA–00310.

Decided July 14, 2008.

Nikki L. Reed, for appellant.

Robert Abney, Stark County Public Defender, for appellee.

Gwin, Judge.

{¶ 1} Intervenor-appellant Stark County Child Support Enforcement Agency ("CSEA") appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, entered in this action to determine the arrearages in child support that defendant-appellee, Kevin Rice, was ordered to pay to plaintiff-appellant, Shelley Rice. The court also found that appellee was not in contempt of court for nonpayment of his child-support obligation. CSEA assigns two errors to the trial court:

{¶ 2} "I. The trial court erred in determining that funds from a Social Security disability derivative lump sum benefit should be credited towards arrearages that accumulated after the period of disability and after the derivative benefit lump sum payment was made.

{¶ 3} "The trial court erred when it determined that appellee was not in willful contempt for failing to pay child support as the same court had previously ordered."

{¶ 4} The record indicates that plaintiff-appellant and appellee were divorced in June 2000. Appellant was granted custody of the three children, and appellee was ordered to pay $290.35 per month for the parties' three children, Joshua, Jenna, and Nathan. Appellee was also ordered to pay $200 per month in spousal support, which terminated on December 1, 2001.

{¶ 5} On September 1, 2001, appellee became the residential parent for Joshua, and appellee's child-support obligation was modified to $385.56 per month. On June 8, 2003, Jenna became emancipated, and appellee's support obligation was reduced to $260.14 per month. By the time of the hearing, the court had ordered appellee to make payments of $104.05 per month against the accrued arrearages

in addition to the $260.14 per month for Nathan. In December 2006, CSEA filed its motion to show cause why appellee should not be found in contempt for nonpayment of his child-support obligation. The trial court held an evidentiary hearing on October 4, 2007, and appellee's Social Security Disability claim became the central issue.

{¶ 6} At the hearing, CSEA presented evidence it intercepted appellee's Social Security disability lump-sum distribution check in February 2005 in the amount of $6,986.09. It applied this amount to appellee's child-support arrearages. However, at the time, CSEA was unaware that Social Security had also made lump-sum derivative payments to Jenna in the amount of $4,511, and to Nathan in the amount of $7,539. The record indicates that CSEA did not learn of the derivative lump-sum benefits paid to the children until it filed its motion to show cause.

I

{¶ 7} In its first assignment of error, CSEA argues that the trial court erred in finding that the Social Security disability derivative benefits should be credited towards arrearages accumulated after the period of disability and after the derivative lump-sum payment was made.

{¶ 8} CSEA misstates the court's ruling. The trial court's order states: "The court finds that pursuant to *Cook v. Cook* [(May 8, 1995), 5th Dist. No. CA–94–10, 1995 WL 495400], the defendant is entitled to receive credit towards the arrearages for any month for which the Social Security benefit was received, except that the credit should not exceed the monthly support obligation. Thus, the defendant is entitled to receive credit for any arrearage incurred during the period of time encompassed by the lump sum payment, but not for the arrearage that accrued prior to appellant's disability."

{¶ 9} In *Cook*, supra, cited by the trial court, this court found that a disabled parent is entitled to credit against his or her support obligation for Social Security payments received by the child. Subsequently, the Ohio Supreme Court decided *Williams v. Williams* (2000), 88 Ohio St.3d 441, 727 N.E.2d 895, holding that the Social Security payments made to a minor because of a parent's disability should be set off from the disabled parent's child-support obligation.

{¶ 10} We find that the trial court's order is a correct statement of Ohio law. CSEA is simply incorrect in stating that the court ordered that the derivative benefits be credited to awards arrearages that accumulated after the period of disability.

{¶ 11} From the exhibits presented to the court, it appears that appellee's arrearages on January 1, 2005, were $6,999.89, not including the administrative

fees. On February 1, 2005, CSEA credited appellee for $6,978.81 for the intercepted Social Security disability benefits that belonged to appellee. CSEA reduced his arrearage balance to $281.22, plus administrative fees. Thereafter, appellee accumulated a further arrearage of $5,178.20.

{¶ 12} CSEA apparently believes that appellee was not in arrears for the months he was receiving disability benefits, because it had already credited his disability lump-sum check for those months. Presumably, CSEA argues that a credit for the children's derivative benefits now would reduce the arrearages that accrued after the period of appellee's disability.

{¶ 13} The record before the trial court was not fully developed, and this court found that no evidence was presented as to what months appellee was disabled, and therefore it is unclear which months the derivative benefits credits apply to, or even how many months are included. This information is crucial to the starting point of computing the accrued arrearages.

{¶ 14} The proper procedure would be to first determine what months appellee received benefits for his disability. Only then could CSEA compute the monthly benefit received by Nathan, and also by Jenna, if the disability period occurred before Jenna was emancipated. Appellee is entitled to credit for the derivative benefits for each month he was disabled, up to the full amount of his child-support obligation. He is not entitled to any credit for the arrearage payment of $104.05 per month the court had ordered.

{¶ 15} After CSEA identifies which months Social Security made the disability payments for, and credits appellee appropriately, only then should it compute the remaining arrearages and apply the $6,978.81 of appellee's intercepted benefits. It may be that the intercepted funds exceed the corrected arrearage. If so, appellee must be credited with an overpayment, because the $6,978.81 is not a derivative benefit but his own funds, and he should receive a credit for the entire amount. In other words, the set-off for the children's derivative benefits should be deducted before appellee's own intercepted benefit check is applied to the arrearages.

{¶ 16} As stated supra, the necessary evidence was not presented to the court. This court had occasion to review a similar situation, in *In re Dissolution of Cayton* (December 9, 1996), Stark App. No. 1996CA00117, 1996 WL 753197. There, in September 1986, the appellee signed a consent-to-adoption form so his ex-wife's new husband could adopt their two children. Apparently unbeknownst to appellee, the stepparent adoption was never finalized. Nine and one-half years later, the Department of Human Services filed motions to show cause and to determine support arrearages. The trial court found that appellee should be relieved of his child-support obligations for the two children from December 1, 1986, to April 1, 1995.

{¶ 17} On appeal, this court found that laches could be applied against any claims the mother might have for support arrearages, but the defense of laches cannot be raised as to the state of Ohio. For this reason, we held that appellee was required to repay whatever the Department of Human Services had paid towards the support of his children. Because the court had taken no evidence regarding the amount of ADC benefits the state had paid, this court reversed and remanded the matter to the trial court to conduct another hearing. See also *Cook,* supra, 5th Dist. No. CA–94–10, 1995 WL 495400, at *1. ("The trial court ordered Appellant to make payments on the accumulated arrearage, but did not make a finding regarding the total amount of the arrearage or the dates when it accrued. Accordingly, we vacate the entry and remand.") Likewise here, no evidence was presented to the trial court regarding the months appellee was disabled. Because this is the starting point of any computation, we must vacate the court's order and remand the case to the trial court to determine what the children's monthly benefits were, what months should be credited, and the amount to be credited towards the arrearages.

{¶ 18} The first assignment of error is sustained in part.

## II

{¶ 19} In its second assignment of error, CSEA argues that the trial court erred in finding that appellee was not in willful contempt for failing to pay child support. The trial court found that appellee was not in willful contempt because there was a legitimate issue as to whether he had been properly credited for Social Security derivative payments made to the children on his disability claim.

{¶ 20} An appellate court reviews a trial court's decision in a contempt proceeding using the abuse-of-discretion standard, and absent an abuse of discretion, we must affirm, *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 549 N.E.2d 162. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable, *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 21} In *Boley v. Boley* (September 19, 1994), Holmes App. No. CA498, 1994 WL 528054, this court found that we must not substitute our judgment for that of the trial court and impose punishment for a violation of a court order when the court that made the original order finds a legitimate excuse. We find that the trial court did not abuse its discretion in determining that appellee was not in contempt of its prior order.

{¶ 22} The second assignment of error is overruled.

{¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed in part and vacated in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment accordingly.

HOFFMAN, P.J., and DELANEY, J., concur.