OPINION *Page 2 
{¶ 1} Defendant Brian N. Roach appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found him in contempt of court for violating a preliminary injunction the court had entered to enforce a settlement agreement between appellant and plaintiffs-appellees AultCare Corporation, et al. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT APPELLANT/DEFENDANT VIOLATED THE PRELIMINARY INJUNCTION ENTERED DECEMBER 21, 2006.
 {¶ 3} "II. THE TRIAL COURT'S SANCTIONS AWARD OF $21,061.26 IS UNREASONABLE."
 {¶ 4} The record indicates in January, 2000, the parties settled a 1997 case, and their settlement agreement included a mutual non-disparagement clause. In addition to agreeing not to disparage, harass, or impugn appellees, appellant agreed not to support or encourage other lawsuits against appellees. In June 2006, appellees commenced this action for breach of the settlement contract. On December 21, 2006, the court entered a preliminary injunction which enjoined appellant from disparaging, harassing or impugning appellees. Appellant appealed the injunction to this court, and we affirmed in part, and reversed in an unrelated issue in AultCare Corporation v. Roach, 2007-CA-00009, 2007-Ohio-5686. Subsequently, appellees filed this motion to show cause.
 {¶ 5} The magistrate to whom appellees' motion to show cause was referred found appellant in contempt of the court's preliminary injunction order. The court overruled appellant's objections to the magistrate's decision and adopted it. Thereafter, *Page 3 
the magistrate awarded appellees $21,061.26 in attorney fees. The court overruled appellant's objections to the magistrate's decision.
 I. {¶ 6} In his first assignment of error, appellant argues he did not violate the preliminary injunction. In the alternative, appellant argues he believed his actions complied with the preliminary injunction and he did not violate the injunction intentionally.
 {¶ 7} Our standard of reviewing a court's decision on a show-cause motion is the abuse of discretion standard, State ex rel. Delco MoraineDivision v. Industrial Commission of Ohio (1990), 48 Ohio St. 3d 43,549 N.E. 2d 162, citations deleted. In order for a contempt citation to issue, the court must find the defendant disobeyed an order of the court, without just excuse. Id., citations deleted. The Supreme Court has frequently held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g.,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 8} The magistrate's decision states within a span of one month, appellant distributed 456,000 e-mails with a press release, mailed between 250 and 400 letters to employers in Stark, Tuscarawas, and Wayne counties; sent 150 to 275 letters to healthcare insurance agents throughout northeastern Ohio; sent 172 e-mails with a press release to family, friends, and business associates; 135 e-mails with a press release sent to reporters and media outlets on two occasions; and 5 internet postings of the press release on various internet websites. The communications state appellant is exposing corruption in healthcare, referred to an antitrust action against named *Page 4 
insurance brokers and an unnamed insurance company, and implied a conspiracy to raise prices and lower services.
 {¶ 9} Appellant argues because he did not refer to appellees by name, he did not violate the injunction. The magistrate found most persons who received the communications were well aware of the antitrust claims to which appellant referred. The magistrate noted appellant identified the court in which the case was pending and the names of all the other parties. Although appellant argues he was attempting to gather information to help his case, he did not ask any potential witnesses to come forward, and many of the persons he contacted were not likely to have information concerning the allegations in his lawsuit. The magistrate found appellant was attempting to disseminate, rather than to gather, information.
 {¶ 10} We have reviewed the record, including the copies of the emails, letters, and other communications, and we agree the communications were intended to spread disparaging information about appellees in violation of the preliminary injunction.
 {¶ 11} The first assignment of error is overruled.
 II. {¶ 12} In his second assignment of error, appellant argues the court's award of $21,061.26 in attorney fees is unreasonable.
 {¶ 13} Appellees presented evidence of the various tasks included in the fee: (1) preparing the motion to show cause, affidavits, and exhibits; (2) the notice to take appellant's deposition duces tecum, with a five page listing of the materials to be produced, comprising of 21 items, with 54 sub-parts; (3) a response to appellant's motion for a protective order; (4) a motion for an order setting appellant's deposition; (5) *Page 5 
attendance at appellant's two-day deposition; (6) preparation for the hearing on the contempt motion; (7) attendance at the hearing on the show-cause motion; (8) preparing a post-hearing brief; (9) preparing a brief opposing appellant's objections to the magistrate's decision; and (10) attending the hearing on the sanctions and preparing a hearing brief.
 {¶ 14} The magistrate cited DR 2-106(B) of the Code of Professional Responsibility regarding the factors to consider in determining the reasonableness of attorney fees, and found the billings on the attorneys' time are reasonable. The magistrate found some of the items were duplicative, and deducted a $1000 videographer fee for appellant's deposition because appellee never submitted it to the court. The magistrate awarded sixty percent of the total fees requested.
 {¶ 15} Our standard of reviewing the award of attorney fees is the abuse of discretion standard, see, e.g., Bittner v. Tri-County Toyota,Inc. (1991), 58 Ohio St. 3d 143, 569 N.E. 2d 464. Our review of the record leads us to conclude the trial court did not abuse its discretion in the amount of the attorney fees.
 {¶ 16} The second assignment of error is overruled. *Page 6 
 {¶ 17} For the foregoing reasons, Stark County, Ohio, is affirmed.
 Gwin, J., Farmer, P.J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1