[Cite as *Sopczak v. Sopczak*, 2017-Ohio-7519.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JONATHAN C. SOPCZAK | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27517 |
| | : | |
| v. | : | Trial Court Case No. 2014-DR-844 |
| | : | |
| NICHOLE L. SOPCZAK | : | (Domestic Relations Appeal) |
| | : | |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of September, 2017.

. . . . . . . . . . .

DAVID M. MCNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
     Attorney for Plaintiff-Appellant

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant Jonathan Sopczak appeals from a final judgment and decree of divorce. He contends that the trial court erred by finding him in contempt for violating a temporary spousal support order. He further contends that the court erred in awarding a term of spousal support to his ex-wife, Nicole Sopczak. Finally, Mr. Sopczak claims that the trial court abused its discretion with regard to the parenting time awarded to him.

{¶ 2} We conclude that the trial court did not abuse its discretion with regard to either spousal support or the finding of contempt. However, we do conclude that the trial court abused its discretion by limiting Mr. Sopczak's parenting time to the standard order.

{¶ 3} Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

## I. Facts and Procedural History

{¶ 4} The parties were married in 2006, and have three minor children as a result of their union. Mr. Sopczak filed a complaint for divorce in August of 2014. Ms. Sopczak filed an answer and counterclaim. On September 26, 2014, the trial court entered a temporary order for spousal support that stated in pertinent part:

IT IS FURTHER ORDERED that [Mr. Sopczak] shall pay to [Ms. Sopczak] by way of temporary spousal support, the sum of $1,550.00 beginning 10/01/14. If [Ms. Sopczak] is residing in the marital residence, [Mr. Sopczak] shall have the right, option and privilege of discharging this monthly spousal support by paying the mortgage/rent (including taxes and

insurance) and basic utilities at the marital residence. If [Ms. Sopczak] is not residing in the marital residence, [Mr. Sopczak] shall pay the monthly spousal support directly to [Ms. Sopczak].

**{¶ 5}** The order further stated that no award of temporary custody would be made.

**{¶ 6}** On March 3, 2015, Mr. Sopczak filed a motion for a hearing on the temporary orders. On May 11, 2015, Ms. Sopczak filed a motion to show cause seeking a finding of contempt based upon Mr. Sopczak's failure to abide by the temporary support order. A hearing was conducted on June 17, 2015 at which time the parties entered into an agreed order. The order stated that a withholding order would issue for the payment of the temporary spousal support and that Mr. Sopczak would pay the June support directly to Ms. Sopczak. The agreed order also stated that the arrearage on support, as well as the motion to show cause, would be determined at the final hearing. Finally, the order set parenting time as follows:

[Mr. Sopczak] shall have parenting time alternating weekends from Friday at 4 p.m. until Tuesday at 9 a.m. starting June 26, 2015. In the weeks following mother's weekend, father will have parenting time from Monday at 4 p.m. until Wednesday at 9 a.m. When school starts, father will return the children to school or daycare and mother will pick up the children from school/daycare. On father's days, the parties shall exchange the children at 4 p.m. at the Second District Police Station. The intent of the parties is to have the children with mother while father is working.

**{¶ 7}** The final hearing was conducted on August 25, 2015. Thereafter, the magistrate filed a decision finding Mr. Sopczak in contempt for failing to comply with the

temporary spousal support order. The magistrate made an award of spousal support to Ms. Sopczak in the sum of $850 per month for a period of 35 months. The magistrate also granted parenting time in excess of the standard order. Specifically, the magistrate ordered that weekend parenting time begin on Friday after work and continue until Monday morning. The order further provided for mid-week parenting time from Wednesday after work until Thursday morning.

{¶ 8} Mr. Sopczak filed objections to the magistrate's decision. The trial court overruled the objections and affirmed and adopted the decision of the magistrate. Mr. Sopczak appeals.

## II. Contempt Finding

{¶ 9} Mr. Sopczak's first assignment of error states:

THE TRIAL COURT ERRED WHEN FINDING PLAINTIFF-APPELLANT IN CONTEMPT BECAUSE PLAINTIFF-APPELLANT'S FAILURE TO FOLLOW TEMPORARY ORDER DID NOT INJURE THE DEFENDANT-APPELLEE

{¶ 10} Mr. Sopczak contends that his failure to pay temporary spousal support did not harm Ms. Sopczak. Thus, he contends that she lacks standing to file an order for contempt. In support, he notes that he quit making the payments after Ms. Sopczak informed him that their realtor had advised them to stop making mortgage payments in order to be eligible for a short sale of the marital residence. He further argues that the support payment was not intended to go directly to Ms. Sopczak, but rather was intended to permit her to remain in the marital residence while the divorce was pending.

{¶ 11} "Contempt is defined in general terms as disobedience of a court order." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). "The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions." (Citations omitted*.) Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.*, 48 Ohio St.3d 43, 44, 549 N.E.2d 162 (1990). The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} At the hearing, Mr. Sopczak testified that by agreement and in anticipation of a short sale, he stopped paying the mortgage beginning in February of 2015. He testified that he continued to pay the utilities, consisting of bills from Dayton Power & Light and Vectren, for the marital residence in the approximate amount of $500 per month. He admitted that he retained the remaining $1,050 monthly obligation.

{¶ 13} Ms. Sopczak testified that Mr. Sopczak paid the utility bills in February 2015, but she testified that she paid the bills after that. She further testified that the DP&L and Vectren bills did not amount to $500 per month. She testified that she requested financial assistance from Mr. Sopczak during the time he suspended his spousal support payments, but that he did not comply. According to Ms. Sopczak's testimony, one child was unable to participate in swimming because she could not afford the expense.

{¶ 14} We cannot agree with Mr. Sopczak's claim that the spousal support order was entered solely in order to permit Ms. Sopczak to remain in the marital residence. If

this was the case, then the remainder of the order requiring him to pay the support directly to her if she was not in the home would be superfluous. Our reading of the order makes it clear that if Ms. Sopczak was in the residence, Mr. Sopczak merely had the right to elect to pay the mortgage and utilities directly rather than pay the support directly to her. It did not absolve him of making the support payment.

{¶ 15} Further, we conclude that the trial court did not abuse its discretion by relying on Ms. Sopczak's testimony that there was no agreement to stop the spousal support payments merely because the mortgage was not being paid. Nor did the trial court abuse its discretion in crediting her testimony that she paid the utilities and that she asked him for financial support.

{¶ 16} The temporary order required Mr. Sopczak to pay spousal support. It gave him the option of fulfilling this obligation by paying the mortgage and utilities for the marital home during the time Ms. Sopczak occupied the marital home. It did not, by a plain reading of the order, give him the option to cease payments. Accordingly, we conclude that the trial court did not abuse its discretion by finding Mr. Sopczak in contempt.

{¶ 17} The first assignment of error is overruled.

### III. Spousal Support Determination

{¶ 18} The second assignment of error asserted by Mr. Sopczak states:

THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO THE DEFENDANT-APPELLEE BECAUSE THE DECISION WAS NOT BASED ON COMPETENT, CREDIBLE EVIDENCE.

{¶ 19} Mr. Sopczak contends that the trial court erred in awarding spousal support

to Ms. Sopczak. In support, he contends that Ms. Sopczak failed to present any evidence to support her testimony regarding her income.

{¶ 20} R.C. 3105.18(C)(1) sets forth the factors that the court must consider in determining whether to award spousal support. The court must evaluate the evidence as it relates to each applicable factor, and then weigh the need of either party for support against the other party's ability to pay. *Layne v. Layne*, 83 Ohio App.3d 559, 615 N.E.2d 332 (2d Dist. 1992). The factors the court must consider are as follows:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability

of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 21} We begin by noting that it appears that Ms. Sopczak did supply evidence of her income. During cross-examination, counsel for Mr. Sopczak asked Ms. Sopczak whether she had anything to demonstrate her year-to-date income. Ms. Sopczak indicated that she had brought a document that had been subpoenaed by Mr. Sopczak, at which time a brief recess was taken. The document was not admitted into evidence. Further, Ms. Sopczak testified that Mr. Sopczak was in sole possession of the parties' tax returns, including her W-2 information, for the two prior years. She testified that she gave the returns to him to copy and that he never gave them back. She further testified that her income for 2014 was $26,000. Thus, we find incorrect the claim that Ms. Sopczak failed to present any evidence to support her claimed income.

{¶ 22} The record shows that Mr. Sopczak is a detective with the City of Dayton. His income for 2014 was $56,535.55. He testified at the hearing that he is currently

making $62,920. He also testified that he trains and works with Dayton SWAT. The record shows that his income for his work with SWAT provides the ability to earn $970 per month, but that he elects to receive additional paid time off instead of paid overtime wages. The record demonstrates that during the marriage the parties agreed that Ms. Sopczak would work part-time at Fricker's restaurant so that she could be home to care for the parties' minor children, the youngest of whom was not yet school age.

{¶ 23} A trial court has broad discretion to fashion a spousal support order, and we will not reverse such an order absent an abuse of discretion. *Burke v. Burke*, 2d Dist. Champaign No. 2011-CA-2, 2011-Ohio-3723 ¶ 23. Based upon this record, we cannot say that the trial court abused its discretion by awarding spousal support. Thus, the second assignment of error is overruled.

### IV. Parenting Time Determination

{¶ 24} Mr. Sopczak's third assignment of error is as follows:

THE TRIAL COURT ERRED IN THE AMOUNT OF PARENTING TIME AWARDED PLAINTIFF-APPELLANT BECAUSE IT DID NOT ADHERE TO THE AGREEMENT AND PRACTICE OF THE PARTIES LEADING UP TO THE HEARING DATE AND DOES NOT ENCOURAGE FREQUENT AND CONTINUING CONTACT WITH THE CHILD.

{¶ 25} Mr. Sopczak claims that the trial court erred with regard to his award of parenting time. Specifically, he contends that the trial court should have continued the parenting time set forth in the agreed order filed in June 2015 that provided him weekend parenting time from Friday after work until Tuesday morning, and in the alternate week,

midweek time from Monday after work until Wednesday morning. Alternatively, he contends the court should have awarded time in accord with his suggestion, made during the hearing, that he have weekend parenting time from Thursday evening until Monday morning and, in the alternate week, midweek time from Thursday evening until Friday morning. He contends that by failing to adopt one of these practices, the trial court has impeded his ability to have frequent and continuing contact with the children.

{¶ 26} "R.C. 3109.051(D) sets forth factors to be considered in granting parenting time. These include the relationship between the parent and child(ren); their geographic proximity and available time; the age, health, and safety of the children; the mental and physical health of all the parties; and any other factor bearing on the best interest of the children." *Murphy v. Murphy*, 2d Dist. Greene No. 2007 CA 43, 2007–Ohio–6692, ¶ 17. "The issue of parenting time is a matter entrusted to the discretion of the trial court. Thus, absent an abuse of that discretion, we will not reverse a trial court's decision on parenting time." *Szeliga v. Szeliga*, 2d Dist. Greene No. 2011–CA–65, 2012–Ohio–1973, ¶ 12.

{¶ 27} The record demonstrates that Mr. Sopczak moved out of the marital residence in February of 2015. The testimony by both parties indicates that they tried at least four different parenting time schedules between the date Mr. Sopczak moved out and the filing of the June 2015 agreed order. At the final hearing, Mr. Sopczak testified that the parenting time set forth in the June order presented a problem for him as he had trouble getting the children to their drop off on Tuesday mornings. He testified that he would like to have weekend parenting from Thursday evening until Monday morning and mid-week parenting time from Thursday evening until Friday morning.

{¶ 28} As noted, the magistrate's decision set parenting time as Friday evening

until Monday morning in order to avoid the Tuesday conflict. The magistrate further ordered midweek visitation from Wednesday evening until Thursday morning. While this does reduce Mr. Sopczak's parenting time from the June agreed order, it still provides more parenting time than provided by the standard order. We cannot say that this constitutes an abuse of discretion.

{¶ 29} We must note that in overruling Mr. Sopczak's objections on this issue the trial court stated that parenting time would be in accord with the magistrate's decision. However, the final judgment and decree of divorce states that Mr. Sopczak's parenting time will be in accordance with the standard visitation order with the standard order providing Mr. Sopczak with less parenting time than awarded by the magistrate's decision. Based upon Ms. Sopczak's appellate brief, which states that Mr. Sopczak was awarded parenting time in excess of the standard order, it appears that the parties have continued parenting time in accord with the magistrate's decision, and that they are unaware the final decree limits parenting time to the standard order. This may explain why the parties have not addressed this discrepancy. Based upon the record before us, it does appear that the discrepancy is the result of a clerical/typographical error. However, a trial court speaks through its journal entry, which, in this case, limits parenting time to the standard order.

{¶ 30} It is clear from this record that both parties initially agreed to parenting time in excess of the standard order. Further, Ms. Sopczak does not claim any error regarding the magistrate's parenting time decision. Given that the parties, since their separation, have operated under a parenting time agreement, and later an order, providing for parenting time in excess of the standard order, and that the final judgment and decree

does not set forth any reasoning to support limiting Mr. Sopczak's parenting time to the standard order, we conclude that such limitation does constitute an abuse of discretion. Accordingly, the third assignment of error is sustained.

## V. Conclusion

{¶ 31} Mr. Sopczak's first and second assignments of error being overruled, and his third assignment of error being sustained, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

David M. McNamee
Lori R. Cicero
Hon. Denise L. Cross