COLLINS et al., Appellees,

v.

COLLINS, Appellant.

[Cite as *Collins v. Collins* (1998), 127 Ohio App.3d 281.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No CA97–10–029.

Decided April 20, 1998.

*Carol Sue Collins,* pro se.

*John H. Wead,* for appellee Fayette County Child Support Enforcement Agency.

*Fred L. Scurry,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Kenneth LeRoy Collins, appeals a decision of the Fayette County Court of Common Pleas overruling his objections to a magistrate's decision and finding him in contempt for failure to pay his child support arrearage.

Appellant and plaintiff-appellee, Carol Sue Collins, were divorced pursuant to a divorce decree filed on July 31, 1974. The decree awarded custody of the parties' three children to appellee and ordered appellant to pay child support in the amount of $40 per week. Appellant failed to pay his child support obligation, and appellee applied for and received Aid to Dependent Children ("ADC") benefits from at least two Ohio counties.[1] Appellant's child support obligation ceased on June 7, 1992, due to the youngest child's emancipation.[2] As of June 7, 1992, appellant owed the sum of $34,771.76 in child support arrearage.

On August 9, 1996, following a hearing, the magistrate determined that appellant owed past due child support in the amount of $34,771.76 and ordered appellant to pay $10 per week plus poundage, or $10.20 per week, toward the arrearage owed "to the Fayette Co. Child Support Enforcement Agency, until paid, in full." Appellant's sister filed *pro se* objections to the magistrate's decision. On October 7, 1996, the trial court overruled appellant's objections and approved and adopted the magistrate's decision. Appellant did not appeal the trial court's October 7, 1996 decision.

On May 6, 1997, the Fayette County Child Support Enforcement Agency ("FCCSEA") filed a motion for contempt, requesting the trial court to hold appellant in contempt for failing to pay the child support arrearage in accordance with the October 7, 1996 judgment entry. Appellant filed a motion to dismiss the FCCSEA's motion, arguing that the FCCSEA had no standing to bring the motion for contempt. On July 9, 1997, a magistrate conducted a hearing at which appellant was present and represented by counsel. Following the hearing, the magistrate filed a decision overruling appellant's motion to dismiss and finding appellant in contempt for failure to obey the trial court's order to pay his child support arrearage in the amount of $10.20 per week through the FCCSEA.[3] The magistrate found that appellant owed $34,771.76 in child support arrearage and has the ability to pay $43.33 plus poundage per month based upon his monthly income derived from Supplemental Security Income ("SSI") benefits in the amount of $478. Appellant filed objections to the magistrate's decision.

On September 5, 1997, the trial court overruled appellant's objections and approved and adopted the magistrate's decision as the trial court's finding and judgment. Appellant now appeals, setting forth the following assignments of error:

---

1. Appellee received ADC assistance from Fayette and Madison counties, but there is no actual breakdown of the amounts owed to each county.

2. The three children became emancipated on May 28, 1980, June 17, 1985, and June 7, 1992.

3. Appellant was sentenced to five days in jail, suspended on the condition that he pay the child support arrearage payment as ordered beginning August 5, 1997.

Assignment of Error No. 1:

"The trial court erred to the prejudice of the defendant–appellant by allowing the Fayette County Child Support [*sic*] to intercede without being made a party to this action pursuant to R.C. 2705.03.1(B)(1)."

Assignment of Error No. 2:

"The trial court erred to the prejudice of the defendant–appellant by finding an arreage [*sic*] of $34,771.76, without verification as to a breakdown pertaining to claims of agencies and appellee."

In his first assignment of error, appellant contends that the trial court erred by allowing the FCCSEA to intervene in the action pursuant to R.C. 2705.031(B)(1) without being made a party. Appellant argues that the FCCSEA lacked authority to bring the motion for contempt because it failed to file a motion to intervene and failed to produce evidence that the action was a Title IV–D case or that appellee had provided the FCCSEA with an assignment of her claim for child support.

A child support enforcement agency ("CSEA") is a proper party to all actions for the collection of child support. *Cuyahoga Cty. Support Enforcement Agency v. Lozada* (1995), 102 Ohio App.3d 442, 455–456, 657 N.E.2d 372, 380–381. R.C. 2705.031(B)(1) provides the local CSEA with the power to institute a contempt motion against a child support obligor. *Hurchanik v. Hurchanik* (Aug. 26, 1991), Warren App. No. CA90–09–066, unreported, 1991 WL 164593. See, also, *Kracht v. Kracht* (Apr. 18, 1996), Cuyahoga App. Nos. 68281 and 68985, unreported, 1996 WL 191787; *Anspach v. Anspach* (Apr. 27, 1992), Hardin App. No. 6–91–8, unreported, 1992 WL 94718.

R.C. 2705.031(B)(1) states as follows:

"Any party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support. In Title IV–D cases, the contempt action for failure to pay support also may be initiated by an attorney retained by the party who has the legal claim, the prosecuting attorney, or *an attorney of the department of human services or the child support enforcement agency*." (Emphasis added.)

A "Title IV–D" case is defined as "any case in which the child support enforcement agency is enforcing the child support order pursuant to Title IV–D of the 'Social Security Act,' 88 Stat. 2351 (1975), 42 U.S.C. 651, as amended." R.C. 2705.031(A); 3113.21(P)(2). All child support cases that are eligible for IV–D services and are administered by a CSEA are considered IV–D cases. Ohio Adm.Code 5101:1–29–05(A)(1)(b). Persons eligible for IV–D services are recipients of ADC benefits or former recipients for whom an assignment is still in

effect and persons who apply for support collection services. Ohio Adm.Code 5101:1–29–05(A)(1)(a)–(b). In all cases where the CSEA administers a child support order, the obligee must apply for IV–D services. Ohio Adm.Code 5101:1–29–05(A)(1)(b). In addition, all cases involving the CSEA's attempt to enforce a child support order against a child support obligor are considered IV–D cases. Ohio Adm.Code 5101:1–29–05(A)(2).

"[A]ll obligees of support orders administered by the child support enforcement agency shall be considered to have filed a signed application for Title IV–D services." R.C. 2301.35(I)(1). Furthermore, when a court issues or modifies a support order, it must require the obligee to sign an application for IV–D services and file it with the CSEA that will be administering the order. R.C. 2301.35(I)(2). A child support obligee's acceptance of ADC benefits constitutes an automatic assignment of any support rights the recipient/obligee has to support from any other person to the department of human services, which collects support payments through the local CSEA. R.C. 5107.20; *Cramer v. Petrie* (1994), 70 Ohio St.3d 131, 134, 637 N.E.2d 882, 885; Ohio Adm.Code 5101:1–3–013(A). The FCCSEA is the local CSEA/IV–D agency whose responsibility is to enforce child support obligations in compliance with IV–D regulations. R.C. 2301.35(C).

■ Kelly Elliott, an investigator for the FCCSEA, testified that she is responsible for monitoring and reviewing the parties' child support case file. Elliott stated that the total arrearage figure is $34,771.76, as determined by the trial court in its October 7, 1996 judgment entry. Elliott testified that the FCCSEA case file reflects a current order requiring appellant to pay the amount of $43.33 per month, or approximately $10 per week plus poundage, toward the child support arrearage owed. Elliott testified that the FCCSEA brought the contempt action against appellant based upon the court's October 7, 1996 judgment entry and the fact that appellant has failed to pay the support arrearage payment from October 7, 1996 through February 28, 1997. Elliott also indicated that appellee had filed an application for ADC benefits wherein she indicated that she had received state assistance in London, Madison County, Ohio and Washington Court House, Fayette County, Ohio. Elliott stated that while there is no breakdown of the amount of the arrearage that is owed to appellee and the county CSEAs, "[o]ne can be done without a problem."

Appellant testified that his current income consists of SSI benefits in the amount of $478 per month. Appellant stated that he has been receiving SSI benefits since he had a heart operation approximately two to three years ago. Appellant acknowledged that the trial court had previously ordered him to pay $10.20 per week in order to satisfy his child support arrearage. Appellant testified that he did not pay the $10.20 order because he "didn't have the money."

Appellant stated that he lives with his fiancee and that he pays their monthly rent payment in the amount of $250. Appellant stated that he also pays his share of the other bills, including water, electric, gas, and groceries, and purchases approximately two packs of cigarettes per day for his own consumption.

Based upon the fact that a child support arrearage is owed and appellant's testimony that he has not paid the child support arrearage payment as ordered by the court, we find that the FCCSEA has the power to bring a contempt action against appellant pursuant to R.C. 2705.031(B)(1), despite the FCCSEA's failure to file a motion to intervene in the action. *Hurchanik,* Warren App. No. CA90-09-066, unreported; *Kracht,* Cuyahoga App. Nos. 68281 and 68985, unreported; *Anspach,* Hardin App. No. 6-91-8, unreported. See, also, *Cramer,* 70 Ohio St.3d at 135, 637 N.E.2d at 885 ("the state has a strong interest in ensuring the enforcement of child support obligations").

In addition, the action is a Title IV-D case, since there is evidence that appellee received ADC benefits and her acceptance of those benefits constitutes an automatic assignment of her support rights to the FCCSEA. R.C. 5107.20; Ohio Adm.Code 5101:1-3-013(A). Further, contrary to appellant's assertion, the record indicates through Elliott's testimony that appellee complied with R.C. 2301.35(I)(1) and (2) by filing an application for public assistance, including IV-D services, with the FCCSEA and the Madison County CSEA. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that the trial court erred by determining the amount of his child support arrearage without verification as to the breakdown of the amount owed to the CSEAs and appellee. Appellant argues that if the recipient of the amount owed cannot be determined, he cannot be assured that the amount due is correct.

▪▪ Contempt proceedings may be used in order to enforce a child support order. *Rinehart v. Rinehart* (1993), 87 Ohio App.3d 325, 328, 622 N.E.2d 359, 360-361; *Hurchanik,* Warren App. No. CA90-09-066, unreported. The moving party establishes a prima facie case of civil contempt by presenting a prior court order and evidence of nonpayment according to its terms. *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140, 15 OBR 285, 287-288, 472 N.E.2d 1085, 1088-1089; *Nielsen v. Meeker* (1996), 112 Ohio App.3d 448, 451, 679 N.E.2d 28, 30-31. The burden then shifts to the party opposing the motion to establish a defense for nonpayment. *Pugh* at 140, 15 OBR at 287-288, 472 N.E.2d at 1088-1089; *Nielsen* at 451, 679 N.E.2d at 30-31.

▪ A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162, 163-164; *State ex rel.*

*Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 11, 19 O.O.3d 191, 191–192, 417 N.E.2d 1249, 1249–1250. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1183–1184.

After carefully reviewing the record, we find that the judgment entry of October 7, 1996 was a final, valid order disposing of the issue of the amount of child support arrearage owed by appellant. No timely appeal having been taken from the order of October 7, 1996, appellant is now foreclosed from raising in this appeal the issue of the calculation of the amount of arrearage owed. The issue may not be raised on appeal from the judgment entered on September 5, 1997, as that judgment determined only the issue of whether appellant should be found in contempt of court for failure to pay the child support arrearage payments ordered in the October 7, 1996 judgment entry. The issue of the calculation of the arrearage owed had already been decided by the October 7, 1996 order.

On May 6, 1997, the FCCSEA sought to have appellant held in contempt for failing to pay the child support arrearage payments as ordered by the trial court in its October 7, 1996 judgment entry. The trial court's decision approved and adopted the magistrate's August 9, 1996 decision, which ordered appellant to repay his child support arrearage "to the Fayette Co. Child Support Enforcement Agency until paid, in full." Contrary to appellant's argument that the recipient of the arrearage payments is unknown, the trial court's decision indicates that the recipient is the FCCSEA, which is charged with the responsibility of disbursing the appropriate amount of the payments to the proper parties, including appellee and the state. See R.C. 3109.05(A)(2); Ohio Adm.Code 5101:1–29–31; 5101:1–29–71; 5101:1–29–81; *Lozada*, 102 Ohio App.3d 442, 453, 657 N.E.2d 372, 379. The fact that the record does not contain a breakdown of the actual amounts owed to the state and appellee does not affect the amount of the arrearage owed.

Appellant admitted that he had not paid the required child support payments as ordered by the trial court in the October 7, 1996 judgment entry. We therefore conclude that the FCCSEA presented sufficient evidence to demonstrate the prior child support arrearage in this matter and appellant's failure to obey the court's order for repayment of the child support arrearage. Accordingly, the trial court acted within its proper discretion in finding appellant in contempt of court. *Delco Moraine Div.*, 48 Ohio St.3d at 44, 549 N.E.2d at 163–164; *Birkel*, 65 Ohio St.2d at 11, 19 O.O.3d at 191–192, 417 N.E.2d at 1249–1250. Appellant's second assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.