OPINION
Plaintiff-appellant, Arthur McCann, appeals the decision of the Madison County Court of Common Pleas denying his motion to hold defendants-appellees, the Madison County Commissioners, the Madison County Treasurer, and the Madison County Engineer, in contempt. We affirm the decision of the trial court.
On August 10, 1987, the Madison County Commissioners ("the commissioners") approved the construction of a "sub-sewer district" in the Burr Oaks Subdivision, which would connect the homes within the subdivision with the Mt. Sterling sewer plant. On December 18, 1989, the commissioners passed the Burr Oaks Sanitary Sewer Assessment to recoup the costs of the construction of the sewage system. All of the homes within the Burr Oaks Subdivision were assessed a construction fee and a user's fee.
Appellant purchased a home in the Burr Oaks Subdivision in April 1994. According to the deed, appellant's property is located in Pleasant Township in Madison County. Apparently, neither appellant nor the previous owner paid the assessed construction costs. As a result, the Madison County Auditor placed the arrearages on the county tax record for the property as a lien against the property.
Appellant filed a declaratory judgment action requesting that the trial court declare the Burr Oaks Sanitary Sewer Assessment to be an invalid lien on his property. Appellant argued that the lien was invalid because the commissioners failed to certify the Burr Oaks Sanitary Sewer Assessment to the county auditor within two years of its passage "pursuant to R.C. 727.34." The commissioners admitted that they did not certify the assessment to the county auditor within two years.
The trial court granted summary judgment to appellant. In an entry filed May 28, 1998, the trial court declared and ordered:
 That the Burr Oaks Sanitary Sewer [A]ssessment was not properly certified to the Madison County Auditor within two years of the assessment in violation of [R.C.] 727.34.
 That the Burr Oaks Sanitary Sewer Assessment is an invalid lien on [appellant's] real estate.
 That [appellees] are prohibited from collecting money from [appellant] for the invalid assessment and lien for the Burr Oaks Sanitary Sewer.
Appellees removed the lien against appellant's property.
In October 1998, the commissioners passed the "Burr Oaks Sanitary Sewer User Charge Resolution" in which they agreed, pursuant to R.C. Chapter 6117, to collect the debt service charges incurred for the construction of the sewer by factoring them into the computation of the total user charges. Appellant was notified of the resolution.
Appellant moved the trial court to find appellees in contempt of its May 28, 1998 order. Appellant argued that the commissioners were "trying to collect those same charges that were held invalid for not being filed within the statutory two years."
The trial court overruled appellant's motion for contempt. Appellant appeals this decision of the trial court and raises one assignment of error:
 THE TRIAL COURT ERRED IN NOT FINDING APPELLANTS [sic] IN CONTEMPT OF COURT FOR PASSING A RESOLUTION TO COLLECT SEWER COSTS WHEN THOSE FEES WERE SPECIFICALLY FOUND TO BE UNCOLLECTIBLE.
In his assignment of error, appellant argues that the trial court erred by not finding appellees in contempt of court. Appellant maintains that the trial court's May 28, 1998 order prevents the commissioners from attempting to collect the construction costs of the Burr Oaks sewer system.
Contempt is a disregard of, or disobedience to, an order or command of judicial authority. R.C. 2705.02; First Bank of Marietta v. Mascrete,Inc. (1998), 125 Ohio App.3d 257, 263. An appellate court will not disturb on appeal a trial court's decision whether to grant or deny a motion for contempt absent an abuse of discretion. See, e.g., Collinsv. Collins (1998), 127 Ohio App.3d 281, 286; Mascrete at 263. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court's judgment entry declared that the Burr Oaks Sanitary Sewer Assessment was an invalid lien on appellant's property because the commissioners failed to properly certify the assessment to the county auditor within two years in violation of R.C. 727.34. R.C. Title 7 governs municipal corporations. R.C. 727.25 authorizes the legislative authority of a municipal corporation to make assessments upon lots and land. An assessment by a municipal corporation continues for two years unless the municipal corporation certifies the assessment to the county auditor for entry upon the tax lists for collection. R.C. 727.34.
Appellees are commissioners of Madison County, the Madison County Treasurer, and the Madison County Engineer. Madison County is a county, not a municipal corporation. R.C. Title 7 and R.C. 727.34 do not govern appellees.
R.C. Chapter 6117 governs county sewers and sewer districts. R.C. 6117.30
provides the mechanism by which a county may levy assessments on landowners for the costs of constructing a sewer. See, also, Haymes v.Holzemer (1981), 3 Ohio App.3d 377, 382; Huber v. Denger (Apr. 16, 1987), Greene App. No. 86CA31, unreported. R.C. 6117.02 permits counties to recover the costs of constructing and maintaining sewers through sewer use charges.
Appellees are attempting to recover the costs of constructing the Burr Oaks sewer pursuant to R.C. Chapter 6117. Since appellees cannot act under R.C. Title 7 and are not purporting to do so, the trial court did not abuse its discretion in finding that appellees are not in contempt of its prior order. Accordingly, appellant's assignment of error is overruled.
 ________________________ POWELL, P.J.
WALSH and VALEN, JJ., concur.