OPINION
Defendant-appellant, Rodney Brown, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, finding him in contempt and imposing a previously stayed jail sentence. We affirm the trial court's decision.
Appellant was adjudged the father of a child of plaintiff-appellee, Carmen Blake (n.k.a. Hoop). By order effective April 25, 1997, appellant was required to pay child support in the amount of $23.20 per week. Appellant was notified that failure to pay support pursuant to the order could result in a finding of contempt, confinement to jail, and fines.
On September 1, 1999, a contempt charge was filed by the Butler County Child Support Enforcement Agency, alleging that appellant had failed to pay the child support as ordered and arrearages had accumulated. On January 3, 2000, appellant was found to be in contempt of court for failing to pay child support and was sentenced to thirty days in the Butler County Jail. The trial court stayed the jail sentence and set the case for review. On March 6, the trial court found that appellant had made no payments since his last court appearance, and set the case for further review. On May 1, appellant failed to appear. Appellant claimed that his son had a medical emergency, and the trial court ordered appellant to provide the court with medical records to evidence this emergency.
On May 24, appellant appeared before the court and demonstrated that he had paid $200 to appellee. Appellant was ordered to pay at least $500 by June 21. Appellant failed to produce documentation showing that a medical emergency had occurred on May 1. Appellant was again ordered to provide the court with documentation that his child had a medical emergency on May 1 and was told that failure to present this would result in a sentence of thirty days in jail based upon his failure to appear that day. On June 21, appellant was sentenced to an additional thirty days based upon his failure to appear on May 1 without just cause. Appellant's jail sentence, which was now sixty days, was stayed, and appellant was ordered to pay $500 by July 19.
On July 19, appellant failed to appear and the trial court found that he had failed to pay the $500 as ordered. On November 8, appellant appeared before the trial court and was sentenced to an additional sixty days for his failure to appear on July 19. After crediting appellant with eight days for time served, appellant's balance of jail time was one hundred twelve days. The trial court warned that if appellant failed to pay $669.20 by December 20, appellant's jail sentence would be imposed. On December 20, the trial court found that appellant had not complied with its order and imposed the jail sentence.[1] Appellant now appeals to this court.
In his assignment of error, appellant alleges that the trial court erred in imposing the stayed jail sentence. Appellant argues that on December 20, he presented evidence to the trial court regarding his inability to pay. Appellant contends that because this evidence was not rebutted by appellee and because the trial court did not state in its judgment entry that it disbelieved appellant's testimony, it was error to find appellant in contempt and to impose the jail sentence.
Contempt proceedings may be used in order to enforce a child support order. Collins v. Collins (1998), 127 Ohio App.3d 281, 286. Once a movant has sufficiently demonstrated a defendant's failure to pay child support as ordered by the court, the defendant bears the burden of alleging and proving his inability to comply with the court order.Rinehart v. Rinehart (1993), 87 Ohio App.3d 325, 328. Absent an abuse of discretion, a trial court's finding of contempt will not be disturbed on appeal. Collins at 286.
The partial transcript appellant filed with this court only contains testimony from the December 20 hearing. We presume the regularity of the proceedings of the hearings in which transcripts were not filed for our review. See Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7. After carefully reviewing the record before us, we find the trial court did not abuse its discretion in finding appellant in contempt of court and sentencing him to jail. Despite numerous opportunities to comply with the trial court's order or to demonstrate his inability to pay, appellant failed to pay his child support obligation or prove that it was impossible for him to do so. The assignment of error is overruled.
YOUNG, P.J., and WALSH, J., concur.
[1] In her appellate brief, appellee asserts that the next day appellant was released from jail after paying the $669.20 that was ordered. This information is not included in the record before this court.