OPINION
Defendant-appellant, Thomas Miller, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion for contempt and finding him in contempt for failing to pay child support.
Appellant and plaintiff-appellee, Candace Miller, were married on August 23, 1980 and had three children together. They were divorced by decree filed June 3, 1996. The decree divided the parties' real and personal property and, among other provisions, awarded appellee the real property at 35 East Mulberry Street, in Lebanon, Ohio. The decree provided that if appellee became more than 90 days delinquent on the mortgage or taxes, permitted any liens to be placed against the property, or failed to remove any liens placed against the property, the property would immediately transfer to appellant. Although the parties agreed to a shared parenting plan, neither the divorce decree nor the shared parenting plan made any provision for the payment of child support.
In December 1998, appellee moved the court for an order requiring appellant to pay child support. At a hearing on the motion on April 7, 2000, appellant agreed to pay child support of $1,062.84 per month, effective the same day. The agreement was not journalized until August 4, 2000 when an entry was filed which reflected the agreed terms. The entry required appellant to "immediately" pay a child support arrearage of $4,087.46 which had accrued as of July 19, 2000. Appellant failed to make this payment. In fact, he did not make any child support payments until the Butler County CSEA filed a wage deduction order in October 2000. The deduction order made provision for the payment of the arrearage in monthly installments.
In September 2000, appellee filed a motion with the trial court, requesting that appellant be found in contempt for failing to make the ordered child support payment. The motion additionally requested an award of attorney fees. On December 18, 2000, the day of the hearing on appellee's contempt motion, appellant filed a contempt motion, alleging that appellee had allowed tax liens to be placed against the East Mulberry Street property in contravention of the divorce decree. Appellant's motion further requested that the property be immediately transferred into his possession pursuant to the terms of the divorce decree. Upon the agreement of the parties, the trial court entertained both motions at the December 18 hearing.
After hearing evidence, the trial court found appellant in contempt for failing to pay his child support obligation as ordered by the August 4 entry. The trial court ordered appellant to pay appellee's attorney fees upon his stipulation that the fees were both necessary and reasonable. Appellant's contempt motion was denied. He appeals, raising three assignments of error for our review.
Assignment of Error No. 1:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND HIM IN CONTEMPT OF COURT REGARDING CHILD SUPPORT ARREARAGES."
A court may hold a party in contempt where that party fails to comply with a lawful judgment or court order. R.C. 2705.02. In a contempt proceeding for failure to pay court-ordered child support, once the movant has established the obligor's failure to pay support, "the [obligor] bears the burden of alleging and proving his inability to comply with the court order, as the order imports a finding of the court that the [obligor] is able to pay." Rinehart v. Rinehart (1993), 87 Ohio App.3d 325,328.
A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. Collins v. Collins (1998),127 Ohio App.3d 281, 287. An abuse of discretion connotes more than an error of law or judgment; rather, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Appellant contends that there was no order for him to pay child support in effect between the April 7, 2000 agreement and the August 4, 2000 entry journalizing the agreement. He thus concludes that he cannot be held in contempt for his failure to make the payments which accrued during this time.
While appellant's contention that he was under no legal obligation to pay support before the August 4 entry was journalized is true, he fails to recognize that the allegation of contempt relates to his failure to pay his support obligation subsequent to and established by, the August 4 entry. Appellee's contempt motion was filed September 15, 2000, and the trial court's decision on the motion was not filed until December 21, 2000, well after the support order was entered.
The August 4 entry states as follows: "There is an arrearage in child support of $4,087.46 as of July 19, 2000. Defendant shall pay said arrearage plus 2% poundage immediately." As of December 18, 2000, the date of the contempt hearing, appellant had failed to pay the accumulated arrearage in full as the August 4 entry ordered him to do.
Appellant himself testified that he had not paid the arrearage. He stated that he did not make any child support payments until a wage withholding order was filed in October 2000. It was not until this time that he began making regular, monthly child support payments. While appellant contended at the hearing that he was unable to make the lump sum payment, the evidence indicates that appellant has a net worth of more than 1.7 million dollars and has a yearly income of $80,000. There was no evidence of any extraordinary financial circumstances which would have prevented him from being able to pay his child support obligation as ordered.
Reviewing the record, we do not find that the trial court abused its discretion by finding appellant in contempt for his failure to comply with the August 4 entry. Appellant admittedly failed to pay the child support arrearage and failed to present any evidence that he is unable to comply with the order. Accordingly, the assignment of error is overruled.
Assignment of Error No. 2:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO FIND APPELLEE IN CONTEMPT FOR HAVING LIENS PLACED ON THE PARTIES' COMMERCIAL PROPERTY."
We again note that the trial court's decision on a motion for contempt will not be reversed absent an abuse of discretion.Collins,127 Ohio App.3d at 287.
Appellee was awarded the marital property at 35 Mulberry Street, in Lebanon, Ohio. The decree mandates that "in the event [appellee] becomes Ninety (90) or more delinquent [sic] on the payment of any mortgage payment, real estate taxes or assessments, or fails to remove any bonafide liens or encumbrances placed upon said property, the ownership rights to said property shall immediately transfer to [appellant]." (Emphasis added.) The decree further provides that appellee "shall not incur any debts, or permit any mortgages, liens or encumbrances to be placed upon said property." Appellant alleges that appellee allowed multiple tax liens to be placed against the property. He thus concludes that the trial court erred by not finding her in contempt, and by failing to transfer the property to him pursuant to the terms of the divorce decree.
It is undisputed that subsequent to the parties' divorce, tax liens were placed against the Mulberry Street property due to appellee's failure to timely pay sales tax due from the operation of her business, "Captain Jack's." While appellee allowed the liens to arise, there is no evidence that she "failed to remove" the liens which were placed against the property. Rather, the evidence indicates that all of the liens had been fully satisfied by December 18, 2000, the date that appellant's contempt motion was filed with and heard by the trial court.
The evidence also supports appellee's assertion that she was unable to comply with the provision that she not allow liens to be placed against the property. Appellee has a yearly, pretax income of $20,000. While she was awarded spousal support, appellant failed to pay the spousal support as ordered during the time that the liens were placed against the property. Additionally, no award of child support had been made at this time.
We accordingly find that the trial court did not abuse its discretion by finding that appellee was not in contempt for permitting the liens to arise. The assignment of error is overruled.
Assignment of Error No. 3:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REQUIRED HIM TO PAY APPELLEE'S ATTORNEY FEES."
Appellant's contention that the award of attorney fees was made in error is premised on his assumption that the trial court erred by finding him in contempt for his failure to pay the child support arrearage as ordered. As we have dismissed this contention in our resolution of appellant's first assignment of error, we likewise overrule the third assignment of error.
Pursuant to R.C. 3109.05(C), "[i]f any person required to pay child support * * * is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt[.]" The amount of an award of attorney fees is within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359; Carman v.Carman (1996), 109 Ohio App.3d 698, 703. Thus, the trial court's decision to award attorney fees in the present case will not be disturbed unless that decision was unreasonable, arbitrary, or unconscionable. Id.
As stated in the resolution of appellant's first assignment of error, the trial court's decision finding appellant in contempt for his failure to pay child support did not constitute an abuse of discretion. Upon finding appellant in contempt, R.C. 3109.05(C) mandates that the trial court make an award of attorney fees in favor of appellee. At the contempt hearing, appellant stipulated that the attorney fees incurred by appellee in relation to the contempt motion were both necessary and reasonable. We accordingly find no abuse of discretion by the trial court's award of attorney fees in favor of appellee, nor in the amount of the award, to which appellant stipulated.
Judgment affirmed.
POWELL and VALEN, JJ., concur.