DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Court judgment holding Robert H. Bischoff, Jr., defendant below and appellant herein, in contempt of court for failing to comply with a previous agreed judgment entry issued in a case that involved appellant and the Village of West Union, plaintiff below and appellee herein. The following errors are assigned for our review:[1]
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE TRIAL COURT ERRED IN FINDING THAT CONTEMPT WAS A REMEDY."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE JUDGMENT OF THE TRIAL COURT IS IN ERROR, IN THAT (1) IT FAILED TO FIND WHICH LOT THE VEHICLES WERE ON; (2) FAILED TO FIND WHAT PART OF THE 1995 ENTRY WAS VIOLATED; (3) IMPROPERLY CONSIDERED THE EFFECT OF THE 1996 ENTRY IN THE CAUSE."
THIRD ASSIGNMENT OF ERROR:
 {¶ 4} "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} A brief summary of the facts pertinent to this appeal is as follows. On February 10, 1994, appellee filed a complaint that charged appellant with creating a public nuisance by storing "inoperative motor vehicles" on his property in violation of state law and municipal ordinance. Appellant denied the allegations and asserted various defenses. The parties eventually settled the dispute. Their settlement was memorialized in an agreed judgment entry, filed January 4, 1995, that stated, in pertinent part:
 {¶ 6} "1) The Defendant Robert Bischoff shall remove the 1970 Challenger situated on the front lot adjacent to the Main Street real estate subject of this complaint. The Defendant shall also place car covers or tarps of an opaque fabric over the other two vehicles situated on said lot. If the Challenger is not removed within the allotted time, the same type of cover shall be placed over the Challenger. The Defendant shall have thirty (30) days to comply with this part of the agreement.
 {¶ 7} "2) The Defendant shall also be restrained from bringing more vehicles onto that portion of said lot, subject to this complaint, of a type similar that would be considered junk. . ."
 {¶ 8} On November 13, 2000, appellee filed a motion for an order to require appellant to show cause why he should not be held in contempt for violating the 1995 agreed entry. Appellee argued that appellant failed to keep a cover on the vehicles situated on the real estate at the time of the original complaint, and that he had moved additional vehicles onto the premises since then.
 {¶ 9} Appellant filed nothing in opposition to the motion and the matter came on for hearing. At the hearing, Ronald Grooms, West Union village councilman, testified that he had received various complaints about appellant's property and that he decided to investigate the matter himself. Grooms found various "junk" cars on the lot.[2] The witness took several pictures of the cars and those pictures were introduced into evidence.
 {¶ 10} In his defense, appellant testified that the cars currently on the property had been there since the time of the original complaint. Appellant manitained that, those particular cars were not on the portion of property covered by the 1995 agreed entry. The trial court was not convinced and on April 18, 2002, found appellant to be in violation of the agreed judgment entry by having nine vehicles on his premises. The court ordered appellant to remove the cars in thirty days, or appellee would be permitted to remove the cars and assess to the real estate whatever costs were incurred. This appeal followed.
 I {¶ 11} Appellant argues in his first assignment of error that the trial court erred in finding that "contempt was a remedy" under the facts in this case. He argues that appellee should have, instead, brought an entirely new nuisance action. We disagree.[3]
 {¶ 12} The 1995 judgment entry required that appellant, inter alia, not to bring any more junk cars onto the front portion of the premises. Civil contempt is an appropriate sanction to enforce compliance with a trial court's order. Windham Bank v. Tomaszcyk (1971),27 Ohio St.2d 55, 271 N.E.2d 815, at paragraph three of the syllabus; also see Collins v. Collins (1998), 127 Ohio App.3d 281, 286,712 N.E.2d 800; Hall v. Hall Mar. 15, 2001), Cuyahoga App. No. 77804. Thus, if appellant violated the agreed entry, which we will discuss in greater detail when we address appellant's second and third assignments of error, contempt is an appropriate remedy for that violation. We thus find no merit to the first assignment of error and it is hereby overruled.
 II {¶ 13} Appellant argues in his second assignment of error that various errors and/or deficiencies exist in the trial court's judgment.[4]
First, appellant contends that the court "failed to find which lot the vehicles were on." The basis for his argument lies with the fact that two parcels of real estate comprise the premises on which these cars are kept. The 1995 agreed judgment provided that appellant would remove a car from the "front lot" and, further, was "restrained from bringing more vehicles onto that portion of said lot. . ." Although the trial court did not expressly state in the current controversy which part of the property it found the vehicles to be located, the entry as a whole does refer to the "front lawn" of the premises and the court did state that appellant was previously restrained from bringing more cars onto that portion of the lot. The court also found that appellant violated this restraint. Obviously, the court found that the cars were located on the front portion of the lot, or it would not have found that appellant had violated the restraint.
 {¶ 14} Appellant's second argument is that the court failed to explicitly state what part of the 1995 agreed entry it found that he had violated. While the trial court could have been clearer about this point, the judgment as a whole makes clear that appellant violated the previous agreed entry by, among other things, placing cars on that portion of the property that was identified under the previous agreed judgment.
 {¶ 15} Finally, appellant objects to the court's reference to a 1996 incident when it found that appellant violated the 1995 agreed judgment entry. We agree that the prior violation should have no bearing on this case. We are not persuaded, however, that the incident played any role in the court's decision. As we discussed infra, sufficient evidence exists in the record to find that appellant violated of the 1995 agreed entry. Thus, any reference to a prior violation was, at worst, harmless error under Civ.R. 61. For these reasons, we find no reversible error in any of the alleged mistakes or deficiencies that appellant cites in the judgment entry. Accordingly, we overrule his second assignment of error.
 III {¶ 16} Appellant argues in his third assignment of error that the trial court's judgment is against the manifest weight of the evidence. We disagree.
 {¶ 17} Judgments supported by some competent credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018;Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 18} Appellant admitted during his own testimony that ten cars are situated on the premises. Although no surveyor gave expert testimony as to the precise location of the cars, Ronald Grooms testified to the effect that the cars were close to the front of the property. Also, photographs showed the cars' location and, from that evidence, the cars do indeed appear to be situated toward the front of the property.[5]
Further, the record indicates that the trial court viewed the premises contemporaneous to the hearing. While the view itself is not evidence, it did provide the court with an ability to contextualize the testimony given by the witnesses — an ability that we do not have when we simply review the trial transcript. With that in mind, and given the testimony of Robin Grooms as well as his photographs, we conclude sufficient evidence exists on which to support the conclusion that appellant violated the 1995 agreed entry by bringing additional cars onto the property and placing them at the front of the lot.
 {¶ 19} We acknowledge appellant's testimony to the effect that the cars had always been there and, in any event, they were not located on the front part of his property. However, the weight of the evidence and the credibility of witnesses are issues for the trier of fact. Cole v.Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771, 777-778,696 N.E.2d 289; GTE Telephone Operations v. J H Reinforcing Structural Erectors, Inc., Scioto App. No. 01CA2808, 2002-Ohio-2553, at ¶ 10; Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650. The trier of fact is better able than an appellate court to view the witnesses and observe their demeanor, gestures, and voice inflections and to use those observations in weighing credibility. Myers v. Garson (1993),66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, the trier of fact is free to believe all, part or none of the testimony of any witness who appears before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35,42, 623 N.E.2d 591; also see State v. Nichols (1993), 85 Ohio App.3d 65,76, 619 N.E.2d 80; State v. Harriston (1989), 63 Ohio App.3d 58, 63,577 N.E.2d 1144. In the case sub judice, the trial court apparently afforded little weight to appellant's testimony. This was well within its province. In the end, we find no reversible error and we overrule appellant's third assignment of error.
 {¶ 20} Having reviewed all the errors assigned and argued in the briefs, and after finding merit in none of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Appellant's brief does not contain a separate "statement of the assignments of error" as required by App.R. 16(A)(3). We have taken these assignments of error from scattered portions of the body of his argument.
[2] Grooms clarified that, by "junk," he meant cars that did not appear to be operable and had broken windows, etc. He stated that one or more of the cars appeared as if they had been used in a "demolition derby."
[3] We note that appellant cites neither statute nor case law in support of this argument. Failure to cite authority in support of an argument, as required by App.R. 16(A)(7), constitutes grounds to disregard an assignment of error pursuant to App.R. 12(A)(2). Meerhoffv. Huntington Mtge Co. (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109;Gillard v. Green (Dec. 28, 2001), Washington App. No. 00CA54; Hiles v.Veach (Nov. 20, 1998), Pike App. No. 97CA604. We would be within our authority to simply disregard this particular assignment of error. Nevertheless, in the interests of justice we will address it.
[4] As with his first assignment of error, appellant cites no authority in support of his argument that any of these alleged deficiencies constitute reversible error. Again, while we could simply ignore the assignment of error, we will address it anyway.
[5] Those pictures show two cars, in particular, very close to the street. Although Grooms recounted that those cars were removed subsequent to him taking the picture, they still clearly suggest that appellant violated the previous agreed entry at the time the pictures were taken. Moreover, the cars behind the front two — which Grooms indicated are still on the premises — appear to be toward the front of the parcel as well.