OPINION
{¶ 1} Plaintiff-appellant, Eva Drake, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding defendant-appellee, Danny Drake, in contempt and ordering him to pay certain marital debts. We affirm the decision of the trial court.
 {¶ 2} The parties were divorced in September 2001. Pursuant to the divorce decree, appellee was ordered to pay a number of marital debts. In a contempt motion filed several months later, appellant contended that appellee had failed to pay the marital debts as ordered by the decree. She asked that he be found in contempt, ordered to pay the debts, and ordered to reimburse her for any accrued interest or late charges and amounts she paid toward the debts, both pre- and post-decree. The trial court found appellee in contempt and ordered him to pay the debts and to reimburse appellant for any amount she paid toward the debts post-decree. However, the trial court did not order him to reimburse appellant for amounts she paid toward the debts pre-decree. As to this decision, appellant raises the following assignment of error:
 {¶ 3} "The trial court erred in failing to consider and include pre-decree payments made by, and charges sustained by the appellant towards debts that only appellee was ordered to pay."
 {¶ 4} We begin by noting that a trial court's decision on contempt will not be disturbed on appeal absent an abuse of discretion. Collinsv. Collins (1998), 127 Ohio App.3d 281, 287.
 {¶ 5} The decree orders appellee to pay certain enumerated debts as of the date of the divorce. The debts were itemized in an exhibit offered into evidence by appellant and further established by her testimony. The decree does not require appellee to reimburse appellant for any amount that she paid toward the debts prior to the filing of the decree. In a prior appeal this court determined that the trial court's valuation of the marital debts did not constitute an abuse of discretion. See Drake v. Drake, Butler App. No. CA2001-10-247,2002-Ohio-6106.
 {¶ 6} A trial court does not have continuing jurisdiction to modify a property division incident to a divorce decree. See R.C.3105.171(I); Bean v. Bean (1983), 14 Ohio App.3d 358, 361-362. Accordingly, the trial court's authority in the present matter was limited to enforcing the terms of the divorce decree. This the trial court did, ordering appellee to reimburse appellant for additional charges she incurred post-decree due to his failure to pay the debts as ordered. Accord Haase v. Haase (1990), 64 Ohio App.3d 758, 766. However, the trial court had no authority to revisit the distribution of the marital debt upon appellant's contempt motion. Appellant cannot now be reimbursed for expenses incurred prior to the final decree which she was not awarded in the final property division. Because the trial court did not abuse its discretion, we overrule the assignment of error.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.